DONALD W. FITZGERALD, State Bar No. 095348
THOMAS A WILLOUGHBY, State Bar No. 137597
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
dfitzgerald@ffwplaw.com
twilloughby@ffwplaw.com
jniemann@ffwplaw.com

Attorneys for Zacky Farms, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| In re:<br><br>ZACKY FARMS, LLC, a<br>California limited liability<br>company,<br><br>Debtor-In-Possession. | CASE NO. 12-37961-B-11<br><br>DCN:  FWP-23<br><br>Date:         January 22, 2013<br>Time:        9:32 a.m.<br>Courtroom: 32<br>501 I Street, 6th Floor<br>Sacramento, CA |
|---|---|

**MOTION TO APPROVE STIPULATED DISMISSAL OF FOSTER POULTRY FARMS ADVERSARY PROCEEDING**

Zacky Farms, LLC, a California limited liability company, debtor in possession in the above-entitled bankruptcy case ("Zacky Farms" or the "Debtor"), hereby moves the court for an order approving a compromise with Foster Poultry Farms ("Foster Farms") and dismissal of the adversary proceeding pending before this Court as Foster Poultry Farms v. Zacky Farms, LLC, Adversary Proceeding No. 12-03672 (the "Adversary Proceeding"). This Motion is based on the memorandum of points and authorities below, the Declaration of Keith F. Cooper in Support of this Motion ("Cooper Decl."), the pleadings and papers in file in these cases, and such other evidence and argument as may be submitted before or during the hearing on this Motion.

**BACKGROUND FACTS TO MOTION**

1.  On or about November 20, 2012, Foster Farms filed its Complaint against Zacky

1  Farms for Breach of Contract and Unfair Competition.  On or about December 12, 2012, Foster
2  Farms filed its First Amended Complaint against Zacky Farms for Breach of Contract and Unfair
3  Competition (the "First Amended Complaint").

4      2.    Foster Farms and the Debtor (hereafter referred to jointly as the "Parties") have
5  agreed to a dismissal of the Adversary Proceeding with a reservation of rights by the Parties and
6  have entered into a Stipulation which is attached to the Exhibit document filed herewith as
7  Exhibit A (the "Stipulation").

**RELIEF REQUESTED**

9      3.    The Motion requests the Court enter an order approving the terms of the
10 Stipulation which are as follows:

11     a.    Without admitting any obligation to cease, and without waving any rights
12 and/or defenses it has with respect to the assertions in the present adversary action, Zacky Farms
13 agrees to and immediately will cease and desist using, or encouraging, inducing, enabling or
14 otherwise assisting any person or entity in the use of, the "Zacky Farms" trademark in the
15 conjunction with the production, sale or distribution of chicken products other than "Ancillary
16 Chicken Products" as defined in the Purchase Agreement (Dkt. 26 at Ex. 1) for the duration of
17 this bankruptcy proceeding (collectively, "Prohibited Conduct").

18     b.    The Order is without prejudice to any rights that Foster Farms may have to
19 recover damages for the activities specified in its First Amended Complaint (Dkt. 26), and is
20 without prejudice to any and all defenses, set offs and/or counterclaims Zacky Farms that Zacky
21 Farms may possess with respect to such asserted damages.

22     c.    The Court shall retain jurisdiction to enforce the Stipulation and Order.

23     d.    If Zacky Farms, after execution and entry of the Stipulation and Order,
24 engages in Prohibited Conduct, Foster Farms shall move to enforce this Stipulation and Order and
25 shall be entitled to recover from Zacky Farms its costs and reasonable attorneys' fees incurred in
26 enforcing this Stipulation and Order pursuant to California Civil Code section 1717 or otherwise
27 enjoining Zacky from engaging in Prohibited Conduct; and

28     e.    The First Amended Complaint is dismissed without prejudice.

**JURISDICTION**

4. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

**CASE BACKGROUND**

5. On October 8, 2012, the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The Debtor is operating and managing its business as a debtor-in-possession pursuant to the provisions of section 1107 and 1108 of the Bankruptcy Code.

6. On October 16, 2012, the Office of the United States Trustee for the Eastern District of California appointed a statutory committee of unsecured creditors in this case pursuant to section 1102 of the Bankruptcy Code.

7. The background of the Debtor and this bankruptcy case has been set forth previously in the Declaration of Keith F. Cooper in Support of Application for an Order Shortening Time and in Support of First Day Motion (the "First Day Declaration") filed on October 9, 2012 (Dkt. No. 5) and incorporated herein by reference.

8. The Debtor is currently engaged in the production, marketing, and distribution of a variety of fresh and frozen poultry products. The Debtor's operations include the breeding, hatching, and growing of turkeys and chickens as well as processing and marketing of poultry products. Zacky Farms employs approximately 1,000 people in Los Angeles, Fresno, Tulare, Kings, San Joaquin and San Bernardino Counties and continues to be family owned and operated. Zacky Farms currently ranks among the largest turkey businesses in the United States with annual gross sales of approximately $142 million in 2010 and $146 million in 2011. *Id*. ¶¶ 9, 19-20.

9. One of the crucial problems facing the Debtor is the recent volatility in the price for corn and other commodities, which has seriously impacted Zacky Farms' liquidity position. Over the past four years, the cost of corn and soybean meal, the Debtor's primary feed ingredients, increased significantly. The liquidity crisis has also been impacted by the seasonal nature of turkey sales. *Id*. ¶¶ 21-25.

///

1      10.     The Debtor has a long and successful history.  Products have been produced and

2  sold under the Zacky name for many years.  Thus, there is potential value in the Zacky brand.

3  The chief objective of this chapter 11 is to lead the Debtor to profitability in order to preserve the

4  going concern value of the Debtor for its creditors, its employees and its owners, and to realize

5  that value through a going concern sale.  *Id*. ¶¶ 60, 65.

6      11.     Pre-petition, the Debtor's ownership explored a buyout whereby one side of the

7  two families which own the Debtor would take full control of the Debtor.  Such a buyout was not

8  consummated.  *Id*. ¶¶ 62-63.

9      12.     The Debtor has determined that a sale of substantially all of the Debtor's assets at

10  this juncture is the best way to maximize value for the Debtor's creditors, its employees and its

11  owners.  Declaration of Keith F. Cooper in Support of Motion to Approve Sale Procedures filed

12  on November 7, 2012 (Dkt. No. 243) and incorporated herein by reference ¶ 6.

### LEGAL STANDARD

14      13.     Rule 9019(a) provides that "[o]n motion by the trustee [or, by virtue of Bankruptcy

15  Code section 1107, a debtor in possession] and after notice and a hearing, the court may approve a

16  compromise or settlement."  In order to approve a compromise or settlement under Rule 9019(a),

17  "the court must…find that [it] is fair and equitable." *A & C Properties*, 784 F.2d at 1381.  In

18  making this determination, the court must consider: (a) [t]he probability of success in the

19  litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the

20  complexity of the litigation involved, and the expense, inconvenience and delay necessarily

21  attending it; [and] (d) the paramount interest of the creditors and a proper deference to their

22  reasonable views in the premises.'" *Id.* (citation omitted).

23      14.     The Court should not conduct "an exhaustive investigation or a mini-trial on the

24  merits," *Spirtos v. Ray (In re Spirtos)*, 2006 Bankr. LEXIS 4894 at *32 (9th Cir. BAP 2006), but

25  instead should simply "'canvas the issues and see whether the settlement falls below the lowest

26  point in the range of reasonableness[,]'" *Id.* (quoting *In re Pacific Gas & Elec. Co.*, 304 B.R.

27  395, 417 (Bankr. N.D. Cal. 2004)).  While the proponent of a settlement has the burden to show

28  that it is fair and equitable, a court generally should give deference to a debtor's exercise of

1  business judgment. *Goodwin v. Mickey Thompson Entm't Group, Inc. (In re Mickey Thompson*
2  *Enter. Grp.)*, 292 B.R. 415, 420 (9th Cir. BAP 2003).

3      15.      The Court should approve the proposed compromise and settlement because it is
4  fair and equitable under the standard set forth in *A&C Properties* for the reasons set forth below:

      a.    Probability of Success.

The probability of success on the merits in the Adversary Proceeding is extremely difficult to forecast.  As described in the Debtor's Reply to Opposition/Objection of Foster Poultry Farms D/B/A Foster Farms to Debtor's Motion for Authority to Assume and Assign Certain Unexpired Other Executory Contracts and Leases In Connection with the Proposed Sale of Substantially All of the Debtor's Assets, attached as Exhibit B to the Exhibit Document, being filed concurrently herewith (the "Reply"), the Debtor asserts that Foster Farms unilaterally breached first by raising the price of feed, which arguably could forgive the Debtor's asserted perpetual agreement to use of the trademark, which is the subject of the Adversary Proceeding.  Additionally, the Debtor asserts that a perpetual agreement not to use a trademark owned by the Debtor violates the rule against perpetuities. Foster Farms vehemently disputes the Debtor's contentions.  The uncertainty of the probability of success strongly favors approval of the stipulation to dismiss and the agreement of the Debtor not to use the subject trademark during the pendency of this Chapter 11 case. Cooper Decl. ¶ 7a.

      b.    Difficulties of Collection.

As no money was sought from Foster Farms, this factor is not relevant in this case.

      c.    Complexity of Litigation.

Given that the Debtor does not currently need to use the trademark in its business, and given that at present none of the potential purchasers are interested in using the trademark in the future, litigating the foregoing complicated issues is not economically rationale at the present time.  This factor strongly favors the approval of the proposed stipulation to dismiss. Cooper Decl. ¶ 7b.

///

///

1            d.  Paramount Interests of Creditors.

2  Expending money to contest whether or not the Debtor can use the subject trademark or cannot use it during the pendency of the Chapter 11 case, does not benefit creditors of this estate given (1) the Debtor does not have any current need to use the trademark in its business, and (2) no purchaser so far has indicated a need or desire to acquire the use of the trademark in the future. Cooper Decl. ¶ 7c. This factor also strongly favors approval of the proposed stipulation to dismiss.

WHEREFORE, for the foregoing reasons the Debtor requests the Court enter an order:

1. Approving the stipulation to dismiss the Adversary Proceeding;

2. Dismissing the Adversary Proceeding; and

3. For such other and further relief as is just and proper.

Dated: January 2, 2013

                              FELDERSTEIN FITZGERALD
                                WILLOUGHBY & PASCUZZI LLP

                              By: */s/ Thomas A. Willoughby*
                                  THOMAS A. WILLOUGHBY
                                  Attorneys for Zacky Farms, LLC