DONALD W. FITZGERALD, State Bar No. 095348
THOMAS A WILLOUGHBY, State Bar No. 137597
JENNIFER E. NIEMANN, State Bar No. 142151
FELDERSTEIN FITZGERALD
WILLOUGHBY & PASCUZZI LLP
400 Capitol Mall, Suite 1750
Sacramento, CA 95814
Telephone: (916) 329-7400
Facsimile: (916) 329-7435
dfitzgerald@ffwplaw.com
twilloughby@ffwplaw.com
jniemann@ffwplaw.com

Attorneys for Zacky Farms, LLC

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>ZACKY FARMS, LLC, a California limited liability company,<br><br>Debtor-In-Possession. | CASE NO. 12-37961-B-11<br><br>DCN: FWP-23<br><br>Date: January 22, 2013<br>Time: 9:32 a.m.<br>Courtroom: 32<br>501 I Street, 6th Floor<br>Sacramento, CA |

**DECLARATION OF KEITH F. COOPER IN SUPPORT OF MOTION TO APPROVE STIPULATED DISMISSAL OF FOSTER POULTRY FARMS ADVERSARY PROCEEDING**

I, Keith F. Cooper, state and declare as follows:

1. I am the Chief Restructuring Officer (the "CRO") of Zacky Farms, LLC, the debtor and debtor-in-possession in the above-captioned case (the "Debtor" or "Zacky Farms" or the "Company") and am a Senior Managing Director of FTI Consulting, Inc. ("FTI"). I make this Declaration in support of the Debtor's Motion to Approve Stipulated Dismissal of Foster Poultry Farms Adversary Proceeding ("Motion"). All terms not otherwise defined shall have the same meaning as in the Motion.

2. FTI's engagement commenced on September 18, 2012. FTI and I are now familiar with Zacky Farms' day-to-day operations, business records and business affairs.

3. All facts set forth in this Declaration are based on my personal knowledge, upon information supplied to me by people who report to me, upon information supplied to me by Zacky Farms' professionals and consultants, upon my review of relevant documents, or upon my opinion based on my experience and knowledge with respect to Zacky Farms' operations, financial condition and related business issues. The documents submitted herewith, referenced herein or otherwise relied upon by me for purposes of this Declaration are the business records of Zacky Farms, prepared and kept in ordinary and regularly conducted business activity of Zacky Farms, and used by me for those purposes. If I were called upon to testify, I could and would testify competently to the facts set forth herein, and I am authorized to submit this Declaration on behalf of Zacky Farms.

4. On or about November 20, 2012, Foster Poultry Farms ("Foster Farms") filed its Complaint against Zacky Farms for Breach of Contract and Unfair Competition. On or about December 12, 2012, Foster Farms filed its First Amended Complaint against Zacky Farms for Breach of Contract and Unfair Competition (the "First Amended Complaint").

5. The parties have agreed to a dismissal of the Adversary Proceeding with a reservation of rights by the Parties and have entered into a Stipulation which is attached to the Exhibit document filed herewith as Exhibit A (the "Stipulation").

6. The Motion requests the Court enter an order approving the terms of the Stipulation which are as follows:

    a. Without admitting any obligation to cease, and without waving any rights and/or defenses it has with respect to the assertions in the present adversary action, Zacky Farms agrees to and immediately will cease and desist using, or encouraging, inducing, enabling or otherwise assisting any person or entity in the use of, the "Zacky Farms" trademark in the conjunction with the production, sale or distribution of chicken products other than "Ancillary Chicken Products" as defined in the Purchase Agreement (Dkt. 26 at Ex. 1) for the duration of this bankruptcy proceeding (collectively, "Prohibited Conduct").

    b. The Order is without prejudice to any rights that Foster Farms may have to recover damages for the activities specified in its First Amended Complaint (Dkt. 26), and is

1   without prejudice to any and all defenses, set offs and/or counterclaims Zacky Farms that Zacky

2   Farms may possess with respect to such asserted damages.

3           c.      The Court shall retain jurisdiction to enforce the Stipulation and Order.

4           d.      If Zacky Farms, after execution and entry of the Stipulation and Order,

5   engages in Prohibited Conduct, Foster Farms shall move to enforce this Stipulation and Order and

6   shall be entitled to recover from Zacky Farms its costs and reasonable attorneys' fees incurred in

7   enforcing this Stipulation and Order pursuant to California Civil Code section 1717 or otherwise

8   enjoining Zacky from engaging in Prohibited Conduct; and

9           e.      The First Amended Complaint is dismissed without prejudice.

10      7.    I believe the Court should approve the proposed compromise and settlement for

11  the following reasons:

12          a.      As described in the Debtor's Reply to Opposition/Objection of Foster

13  Poultry Farms D/B/A Foster Farms to Debtor's Motion for Authority to Assume and Assign

14  Certain Unexpired Other Executory Contracts and Leases in Connection with the Proposed Sale

15  of Substantially All of the Debtor's Assets, attached as Exhibit B to the Exhibit Document, being

16  filed concurrently herewith (the "Reply"), the Debtor asserts that Foster Farms unilaterally

17  breached first by raising the price of feed, which arguably could forgive the Debtor's asserted

18  perpetual agreement to use of the trademark, which is the subject of the Adversary Proceeding.

19  Additionally, the Debtor asserts that a perpetual agreement not to use a trademark owned by the

20  Debtor violates the rule against perpetuities. Foster Farms vehemently disputes the Debtor's

21  contentions. The uncertainty of the probability of success strongly favors approval of the

22  stipulation to dismiss and the agreement of the Debtor not to use the subject trademark during the

23  pendency of this Chapter 11 case.

24          b.      Given that the Debtor does not currently need to use the trademark in its

25  business, and given that at present none of the potential purchasers of the Debtor's assets are

26  interested in using the trademark in the future, litigating the foregoing complicated issues is not

27  economically rationale at the present time. This factor strongly favors the approval of the

28  proposed stipulation to dismiss.

-3-

Dec of Keith Cooper in Support of
Motion to Approve Stipulated Dismissal of
Foster Poultry Farms Adversary Proceeding

         c.      Expending money to contest whether or not the Debtor can use the subject trademark or cannot use it during the pendency of the Chapter 11 case, does not benefit creditors of this estate given (1) the Debtor does not have any current need to use the trademark in its business, and (2) no purchaser so far has indicated a need or desire to acquire the use of the trademark in the future.

    I declare under penalty of perjury that the foregoing it true and correct. Executed on January 2, 2013 at Atlanta, Georgia.

                                   */s/ Keith F. Cooper*
                                    KEITH F. COOPER

-4-

Dec of Keith Cooper in Support of
Motion to Approve Stipulated Dismissal of
Foster Poultry Farms Adversary Proceeding